NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| NIZAR AL-SHARIF,<br>　　　　　Plaintiff<br><br>　　　v.<br><br>UNITED STATES CITIZENSHIP &<br>IMMIGRATION SERVICES,<br><br>　　　　　Respondent. | Civil Action No. 10-1435 (CCC)<br><br>Opinion |

CECCHI, District Judge

## I.   INTRODUCTION

This matter comes before the Court by Defendant United States Citizenship & Immigration Services' ("CIS") Motion for Summary Judgment against Nizar Al-Sharif ("Plaintiff") pursuant to Federal Rule of Civil Procedure 56. Plaintiff opposed CIS' Motion and has filed a Cross-Motion for Summary Judgment. The Court has considered the submissions made in support of and in opposition to the instant motions.[1] No oral argument was heard. Fed. R. Civ. P. 78. Based on the reasons that follow, CIS' Motion for Summary Judgment is granted and Plaintiff's Cross-Motion for Summary Judgment is denied.

---

[1] The Court considers any new arguments not presented by the parties in their papers or at oral argument to be waived. See Brenner v. Local 514, United Bhd. of Carpenters & Joiners, 927 F.2d 1283, 1298 (3d Cir. 1991) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument.").

## II. BACKGROUND

Plaintiff was indicted on August 4, 1992 for wire fraud and conspiracy to commit wire fraud in violation of 18 U.S.C. § 371 and U.S.C. §§ 1343 and 2. (Declaration of Kimberly Zanotti ("Zanotti Decl."), Ex. H.) Plaintiff entered into a plea agreement with the United States Government and agreed to plead guilty to conspiracy to commit wire fraud. (Zanotti Decl., Ex. I.) Pursuant to the plea agreement, Plaintiff stipulated that the loss attributable to his crime "exceeded $120,000 but was less than $200,000." (Id.) On October 5, 1993, Judge Politan sentenced Plaintiff to six years of home confinement and five years of probation. (Zanotti Decl., Ex. G.) Plaintiff was also ordered to make restitution in the amount of $128,838. (Id.)

Subsequently, on February 25, 2004, Plaintiff applied to become a naturalized citizen of the United States. (Zanotti Decl., Ex. A.) In his application, Plaintiff made a full disclosure to CIS of his conviction of conspiracy to commit wire fraud and his sentence, including his probation and payment of restitution. (Id.)[2] On May 22, 2009, CIS denied Plaintiff's naturalization request. (Zanotti Decl., Ex. D.) CIS based its decision on the fact that a naturalization applicant must demonstrate "good moral character" as a prerequisite to citizenship and that an applicant's conviction of an "aggregated felony" under 8 C.F.R. §§ 316.2(7) and 316.10(b)(1)(ii)[3] would prevent him from meeting this requirement. (Id.) CIS found that Plaintiff's 1993 conviction constituted an "aggravated felony" under 8 U.S.C. §

---

[2] During the application process, Plaintiff was notified by the Department of Homeland Security, Customs and Border Protection, that he was subject to removal based on his 1993 conviction. (Zanotti Decl., Ex. B.) Plaintiff applied for a waiver of deportation, which was granted. (Zanotti Decl., Ex. C.)

[3] 8 C.F.R. § 316.2 states that "to be eligible for naturalization, an alien must establish that he …(7) [f]or all relevant time periods under this paragraph, has been and continues to be a person of good moral character." 8 C.F.R. § 316.10(b)(1) states that "[a]n applicant shall be found to lack good moral character, if the applicant has been…(ii) [c]onvicted of an aggravated felony as defined in section 101(a)(43) of the Act on or after November 29, 1990."

2

1101(a)(43)(M)(i).[4] Thus, Plaintiff was "permanently barred from naturalization." (Zanotti Decl., Ex. D.) Plaintiff appealed CIS' decision. (Zanotti Decl., Ex. F.) CIS affirmed the denial of Plaintiff's naturalization application, again finding that his prior conviction was an "aggravated felony" that that prevented his naturalization. (Id.) Plaintiff seeks a de novo review under 8 U.S.C. § 1421(c)[5] of the final administrative denial of his naturalization application. CIS filed a Motion for Summary Judgment and Plaintiff filed a Cross-Motion for Summary Judgment.

### III. LEGAL STANDARD

Summary judgment is appropriate if the "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials" demonstrate that there is no genuine issue as to any material fact, and, construing all facts and inferences in a light most favorable to the non-moving party, "the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986), Pollock v. Am. Tel. & Tel. Long Lines, 794 F.2d 860, 864 (3d Cir. 1986).

The moving party has the initial burden of proving the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323. Once the moving party meets this burden, the non-moving party has the burden of identifying specific facts to show that, to the contrary, there

---

[4] 8 U.S.C. § 1101(a) states: "(43) The term 'aggravated felony' means…(M) an offense that…(i) involves fraud or deceit in which the loss to the victim or victims exceeds $10,000."
[5] 8 U.S.C. § 1421(c) states: "Judicial review: A person whose application for naturalization under this subchapter is denied, after a hearing before an immigration officer under section 1447 (a) of this title, may seek review of such denial before the United States district court for the district in which such person resides in accordance with chapter 7 of title 5. Such review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application."

exists a genuine issue of material fact for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). A fact is "material" if a dispute about that fact "might affect the outcome of the suit under governing [substantive] law," and a "genuine" issue exists as to that fact "if the evidence is such that a reasonable jury could return a verdict for the non[-]moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). The Court's role is to determine whether there is a genuine issue for trial, not to weigh the evidence and decide the truth of the matter. Id. at 249.

Summary judgment is appropriate when there is no genuine issue of material fact regarding a statutory bar to naturalization. See Kai Tung Chan v. Gantner, 464 F.3d 289, 296 (2d Cir. 2006) (granting summary judgment to the government where naturalization applicant's prior conviction of a felony was a statutory bar to establishing good moral character). An applicant seeking review of a naturalization denial bears the burden of establishing, by a preponderance of the evidence, that he is entitled to naturalization. See Berenyi v. District Director, INS, 385 U.S. 630, 636-37 (1967); Ogundoju v. Attorney Gen., 390 Fed. Appx. 134, 137 (3d Cir. 2010). In order to meet this burden, the applicant must demonstrate that he meets each statutory requirement for becoming a naturalized citizen. See Berenyi, 385 U.S. at 637. Further, "there must be strict compliance with all the congressionally imposed prerequisites to the acquisition of citizenship." Fedorenko v. United States, 449 U.S. 490, 506 (1981).

IV. **DISCUSSION**

Having reviewed the facts of this case de novo, the Court finds that Plaintiff is ineligible for citizenship based on his 1993 conviction of an "aggravated felony."

A. <u>Plaintiff's Conviction Of An Aggravated Felony Bars His Naturalization</u>

The statutory framework is clear that in order to become a United States citizen, an applicant must satisfy the requirements of 8 U.S.C. § 1427, in that "(1) immediately preceding the date of filing his application for naturalization [he] has resided continuously, after being lawfully admitted for permanent residence, within the United States for at least five years,…(2) [he] has resided continuously within the United States from the date of the application up to the time of admission to citizenship, and (3) during all the periods referred to in this subsection [he] has been and still is a *person of good moral character*" (emphasis added). Under 8 U.S.C. § 1101(f), "[n]o person shall be regarded as, or found to be, a person of good moral character who, during the period for which good moral character is required to be established is, or was . . . one who at any time has been convicted of an aggravated felony (as defined in subsection (a)(43) of this section)." <u>See</u> also 8 C.F.R. § 316.10(b)(1)(ii) (explaining that "[a]n applicant shall be found to lack good moral character, if the applicant has been…(ii) [c]onvicted of an aggravated felony as defined in section 101(a)(43) of the Act on or after November 29, 1990"). Among the crimes that qualify as an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(M)(i) are "offense[s] that…(i) involve[] fraud or deceit in which the loss to the victim or victims exceeds $10,000." Importantly, under 8 U.S.C. § 1101(a)(43)(U), "an *attempt or conspiracy* to commit an offense" that would constitute an aggravated felony under the statute is also included within the statutory definition of aggravated felonies (emphasis added). In other words, a conspiracy to commit an "aggravated felony" is itself an "aggravated felony."

Here, Plaintiff admitted to CIS that he was convicted of conspiracy to commit wire fraud in 1993. (Zanotti Decl., Ex. A.) Plaintiff agreed to plead guilty to conspiracy to commit wire fraud, and the parties stipulated that the loss attributable to Plaintiff's crime "exceeded $120,000

5

but was less than $200,000." (Zanotti Decl., Ex. I.) Plaintiff was sentenced to six years of home confinement and five years of probation, and was also ordered to make restitution in the amount of $128,838. (Zanotti Decl., Ex. G.) Plaintiff's conviction clearly constitutes an aggravated felony under 8 U.S.C. § 1101(a)(43)(M)(i), because 1) Plaintiff's offense "involve[d] fraud or deceit" and 2) "the loss to the victim or victims exceed[ed] $10,000." Further, Plaintiff's conviction of *conspiracy* to commit wire fraud is itself considered an aggravated felony under the statute. Thus, Plaintiff cannot meet the requirement of establishing "good moral character" in order to obtain citizenship.

Of relevance here is Nijhawan v. Holder, 129 S. Ct. 2294 (U.S. 2009). In that case, the petitioner was convicted of, inter alia, conspiring to commit wire fraud. At the petitioner's sentencing, he stipulated that the loss to his victims exceeded $100 million. Id. at 2298. The petitioner was sentenced to prison and required to make $683 million dollars in restitution. Id. The government sought to remove the petitioner from the United States based on his conviction of an "aggravated felony" under 8 U.S.C. §§ 1101(a)(43)(M)(i) and 1101(a)(43)(U). Id. CIS found that the petitioner's conviction fell within the statute's "aggravated felony" definition. Id. The Third Circuit agreed, and the Supreme Court affirmed. Id. Specifically, the Supreme Court held that the petitioner's conviction of wire fraud, his own stipulation regarding the victim's losses, and the court's restitution order placed the petitioner's prior conviction within the scope of 8 U.S.C. § 1101(a)(43)(M)(i). See also Morgan v. Attorney General of the United States, 228 Fed. Appx. 177, 179 (3d Cir. 2007) (finding that the petitioner's conviction of conspiracy to commit mail fraud and wire fraud, along with the petitioner's plea agreement, in which he stipulated to an amount of loss between $250,000 and $300,000, established that he was convicted of an "aggravated felony"). Therefore, because Plaintiff's conviction of conspiracy to

commit wire fraud falls squarely within the definition of an aggravated felony under 8 U.S.C. §§ 1101(a)(43)(M)(i) and 1101(a)(43)U, it is a complete bar to his naturalization.

### B. Plaintiff's Conviction Of Conspiracy to Commit Wire Fraud Is Not A Hybrid Offense

In support of his application for naturalization, however, Plaintiff argues that under Nugent v. Ashcroft, 367 F.3d 162 (3d Cir. 2004), wire fraud constitutes a "hybrid offense" containing elements of both fraud *and* theft. (Plaintiff Opp. 4.) As such, Plaintiff alleges that CIS must prove both the loss amount under 8 U.S.C. § 1101(a)(43)(M)(i) *and* the sentence requirement under 8 U.S.C. § 1101(a)(43)(G).[6] According to Plaintiff, because he did not receive a sentence of imprisonment, his prior conviction does not constitute an "aggravated felony" and therefore cannot prevent his naturalization. The Court disagrees.

In Nugent, the plaintiff ("Nugent"), a lawful permanent resident of the United States, was convicted of "theft by deception" in violation of a Pennsylvania criminal statute. Nugent, 367 F.3d at 163-64. He was sentenced to a term of imprisonment. Id. The Immigration and Naturalization Service ("INS") charged Nugent with removability from the United States for having been convicted of an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(G). Id. at 164. After being detained by the Department of Homeland Security, Nugent filed a petition for a writ of habeas corpus. Specifically, Nugent requested that the district court decide whether the "theft by deception" conviction was a "theft" offense or a "fraud/deceit" offense. Id. at 167. The district court denied the writ, holding that Nugent had been convicted of an aggravated felony and was therefore removable. Id. at 168. Nugent appealed the district court's decision.

---

[6] 8 U.S.C. § 1101(a)(43) states "the term aggravated felony means...(G) a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment at least one year."

The Third Circuit then determined whether Nugent's "theft by deception" conviction consisted of a "theft" offense under 8 U.S.C. § 1101(a)(43)(G), or a "fraud/deceit" offense under 8 U.S.C. § 1101(a)(43)(M)(i). In doing so, the Third Circuit defined "theft" as "a taking of *property* or an exercise of control over *property* without consent." Id. at 174 (emphasis added). The Third Circuit held that Nugent's bad check transaction for which he was convicted under the Pennsylvania "theft by deception" statute constituted a "theft" offense under 8 U.S.C. § 1101(a)(43)(G). Id. The Third Circuit also held that 8 U.S.C. § 1101(a)(43)(M)(i) "clearly applies to those 'theft offenses' under Subsection (G) that are anchored on 'fraud or deceit.'" Id. at 176. Therefore, "both G and M(i)…apply to an 'offense' involving 'theft' and 'fraud or deceit,' and thus the requirements of both provisions must be fulfilled for such an offense to qualify as an aggravated felony." Id. Because Pennsylvania's "theft by deception" was "designed entirely on all-embracing concepts of fraud or deceit –various forms of the word 'deceive' appear[ed] five times and 'false impression' three times – it [wa]s precisely the particular type of theft contemplated in the universal class of offenses set forth in the fraud or deceit Subsection 1101(a)(43)(M)(i)." Id. at 179. The Third Circuit concluded that although the term of imprisonment imposed on Nugent met the requirements of 8 U.S.C. § 1101(a)(43)(G), the victims' losses did not exceed $10,000, as required by 8 U.S.C. § 1101(a)(43)(M)(i). Thus, Nugent's "theft by deception" conviction did not qualify as an "aggravated felony."

The Nugent case is distinguishable from the case at hand in that the specific elements of the crimes charged differ. The Third Circuit's decision in Minaya v. Attorney General of the United States, No. 10-cv-4321, 2011 U.S. App. LEXIS 24068 (3d Cir. Dec. 2, 2011), as discussed below, is more closely aligned with the facts of our case. This Court finds the Third Circuit's reasoning in Minaya to be persuasive.

In Minaya, the Third Circuit addressed the specific question of whether a conviction for conspiring to commit wire fraud is in fact a "theft" offense. Minaya, 2011 U.S. App. LEXIS 24068. The petitioner was convicted of conspiracy to commit wire fraud and was sentenced to five months of imprisonment and five months of home confinement. Id. at *1-2. In addition, the petitioner was ordered to pay restitution in the amount of $97,872. Id. When the petitioner was subsequently charged with removal, he filed an application for cancellation of removal, arguing that that he was convicted of a "hybrid offense" under Nugent. Id. at *3. Like Plaintiff here, the petitioner in Minaya argued that his sentence did not satisfy the imprisonment requirement of 8 U.S.C. § 1101(a)(43)(G). Thus, the petitioner asserted that he was not subject to removal as an aggravated felon. Id. at *3-4. The Third Circuit disagreed, explaining:

> The Nugent Court analyzed the statute of conviction to determine whether it satisfied the definition of "theft offense" under subsection (G). In that case, the offense not only had the title "theft by deception," it also required proof of a taking of, or an exercise of control over, property. The § 371 offense of conspiring to commit wire fraud, however, does not require proof that the conspirators took another's property or exerted control over another's property. Instead the elements of the § 371 offense of conspiracy to violate federal law are: (1) an agreement to commit an offense proscribed by federal law [, here, wire fraud]; (2) the defendants intentionally joining in the agreement; (3) one of the conspirators committing an overt act; and (4) an overt act in furtherance of the conspiracy. United States v. Rigas, 605 F.3d 194, 206 n.9 (3d Cir. 2010) (en banc). Thus, [the petitioner's] § 371 conviction cannot be classified as a "theft offense" under subsection (a)(43)(G).

Id. at *11-12. The Third Circuit again reiterated that the petitioner's conviction "for conspiring to commit an offense against the United States, namely wire fraud in violation of § 1343, is *not* a theft offense. For that reason, it *cannot be a hybrid offense*, which would require the alien to satisfy the requirements of both subsection (G) and subsection (M)(i)." Id. at *14. The Third

9

Circuit concluded that the Petitioner's conviction of conspiracy to commit wire fraud constituted an aggravated felony.

Based on the Third Circuit's decision in <u>Minaya</u>, there is no genuine issue of material fact that Plaintiff's 1993 conviction constitutes an "aggravated felony" under 8 U.S.C. §§ 1101(a)(43)(M)(i) and 1101(a)(43)(U). The evidence is such that no reasonable jury could return a verdict finding that Plaintiff would be able to demonstrate the good moral character necessary to obtain naturalization. Therefore, CIS' Motion for Summary Judgment should be granted.[7]

---

[7] Plaintiff makes two other arguments that the Court will discuss briefly. First, Plaintiff mentions that "at the time of the Plaintiff's plea and sentence, the definition of aggravated felony under U.S.C. § 1101(a)(43)(M)(i) for crimes involving fraud or deceit required a loss to the victim or victims in an amount exceeding $200,000 and the plea agreement here stipulated a loss less than that amount." (Plaintiff Opp. 2.) Further, Plaintiff's "criminal defense counsel did not have occasion to seek a disposition of the criminal case by plea to a single substantive count under U.S.C. § 1343 involving a loss less than $10,000" and that "the plea was entered with the understanding that Mr. Al-Sharif would not be barred from naturalization." (<u>Id.</u> 2-3.) Plaintiff does not develop this argument further. In any event, 8 C.F.R. § 316.10(b)(1)(ii) states that "[a]n applicant shall be found to lack good moral character, if the applicant has been...(ii) [c]onvicted of an aggravated felony as defined in section 101(a)(43) of the Act *on or after November 29, 1990*" (emphasis added). Plaintiff's conviction in 1993 thus meets this date requirement. The Third Circuit has also ruled that retroactive application of the statute is not inappropriate. See <u>Biskupski v. AG of the United States</u>, 503 F.3d 274, 281-84 (3d Cir. 2007) ("Because we hold that Biskupski's federal misdemeanor conviction constitutes an "aggravated felony" within the meaning of 8 U.S.C. § 1101(a)(43)(N) and because we conclude that the statute is not impermissibly retroactive as applied to Biskupski, we will deny the petition for review."). Second, Plaintiff argues that "[a]ny doubt about the construction and application of the aggravated felony provisions at issue here should be resolved in Plaintiff's favor under the criminal rule of lenity." (Plaintiff Opp. 7.) Because the Third Circuit has addressed the exact argument raised by Plaintiff here, and has held that a conviction of a conspiracy to commit wire fraud does *not* constitute a hybrid offense under <u>Nugent</u>, there is no doubt that Plaintiff has been convicted of an "aggravated felony."

10

## V. CONCLUSION

The Court grants CIS's Motion for Summary Judgment and denies Plaintiff's Cross-Motion for Summary Judgment.

An appropriate Order follows.

_____
**CLAIRE C. CECCHI, U.S.D.J.**

DATED: April 25, 2012

11